**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**SALLY SIMMERMAN, et al.**                                                                  **PLAINTIFFS**

**V.**                                                             **CASE NO. 3:11-CV-154**

**CITY OF BATESVILLE, MISSISSIPPI, et al.**                              **DEFENDANTS**

<u>ORDER</u>

This cause comes before the court on the defendants' motion [14] to alter the judgment entered in this case. The plaintiffs have responded in opposition. Having considered the motion and submissions of the parties, the court finds the motion is well-taken and shall be granted.

On February 29, 2012, the court dismissed this case without prejudice due to settlement. The plaintiffs then submitted an agreed judgment, which awarded damages to the plaintiffs and adjudged defendants guilty of various constitutional violations. On March 27, 2012, the agreed judgment was entered by the court.

The defendants now move to alter the judgment, arguing that they do not admit guilt of any constitutional violations. The defendants ask that the portion of the judgment finding them guilty of violating Plaintiff Curtis D. Simmerman's constitutional rights be removed. In response, the plaintiffs argue that the judgment was approved by the defendants prior to submission to the court. As proof, the plaintiffs submit copies of emails exchanged between the parties' attorneys regarding the proposed judgment. The plaintiffs assert that the judgment is correct and object to any alterations.

The court has reviewed the emails exchanged between the attorneys and finds that there is no clear approval or objection to the proposed judgment. On March 23, 2012, plaintiffs' counsel emailed defense counsel a copy of the proposed judgment, asking that defense counsel

advise whether he agrees with the draft. In response, defense counsel suggested one change to a petition and stated "other than that [sic] looks good." The parties exchanged several emails that day concerning the proposed judgment as well as the offer of judgment, acceptance of the offer, and chancellor's order approving settlement. As such, it is unclear which document(s) defense counsel may have approved. Plaintiffs' counsel interprets the response as approval of the proposed judgment, whereas defense counsel does not.

Though the plaintiffs object to alteration, they fail to state how an amended judgment would prejudice them. They argue that the current judgment is correct and was approved by the defendants. However, as confusion remains between the parties on this issue, it appears that the proposed judgment was never agreed to or approved. The defendants only seek to remove the portion of the judgment which states that they violated the minor plaintiff's constitutional rights. This alteration is reasonable and consistent with the offer of judgment executed by the parties. Therefore, upon due consideration and for good cause shown, the court finds that the motion to alter the judgment is GRANTED.

SO ORDERED, this the 2nd day of May, 2012.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**